## JENKINS VS. ESTERLY.

ERROR: *What errors assignable on appeal from a judgment in a cause tried by a referee.*

1. In a cause tried by a referee, this court will not review his findings of fact and conclusions of law, unless exceptions to them were duly filed, and passed upon by the court below; nor will it review his rulings as to the admission of evidence, if not passed upon by that court.

2. It is irregular to order judgment upon a referee's report without notice of the motion to the opposite party.

3. But where the order is made without notice, the remedy is not by an appeal from the judgment (especially where there is no exception to the order,) but by motion to set aside the judgment, and appeal from an order denying the motion.

APPEAL from the Circuit Court for *Walworth* County.

The plaintiff appealed from a judgment in favor of defendant. The case is stated in the opinion.

*F. W. Monteith* (with whom were *Montgomery, Wing & Gage,* of counsel), for appellant.

*Murphy & Cravath,* for respondent, as to the insufficiency of the exceptions, cited Laws of 1860, chap. 264, secs. 14, 16; *King v. Ritchie,* 18 Wis., 554; *Gilman v. Thiess,* id., 528; *Cornell v. Davis,* 16 id., 686.

COLE, J. This cause was tried before a referee, who found in favor of the defendant upon the defense of usury. Upon filing the report of the referee in the clerk's office in vacation, judgment was entered upon it by the clerk in favor of the defendant. This judgment was set aside at the next term of court, on motion of plaintiff's attorney; and, on the same day, in the absence of the attorney of the plaintiff, and without any notice being served on him, an order was entered directing judgment to be again entered in favor of the defendant. The plaintiff has appealed from this judgment, having procured a bill of exceptions to be

settled by the circuit judge, which contains the testimony taken before the referee on the trial, and also various exceptions taken to the rulings of the referee on the admission of evidence. No exceptions, however, have ever been filed to the findings of the referee upon questions of fact, or to his conclusions of law; and we are now asked by the counsel for the plaintiff not only to review these findings, but also the exceptions taken upon the trial before the referee, although it is perfectly obvious that none of these exceptions have ever been considered and passed upon by the circuit court. And the question is, would it be correct practice for us to do this when the exceptions come before us in this manner? It appears to us not.

Our statute very clearly and explicitly regulates the practice of trying causes before a referee, and the method of bringing them before the court for review. Section 14, chap. 264, Laws of 1860, provides that in cases tried before a referee, either party, for the purpose of an appeal or suing out a writ of error, may cause exceptions to be taken and noted by the referee during the trial, in the same manner as in case of a trial before the court or jury. The referee must note in his minutes any exceptions so taken, and return them, together with all the testimony taken before him, with his report, to the court in which the cause is pending. Exceptions in writing to the facts found by the referee, or to his conclusions of law thereon, or to both, may be filed within ten days after written notice of the filing of the report; and all such exceptions may be heard and determined by the court on a motion to set aside or confirm the report. Further provision is made for the settlement of bills of exceptions, and as to what they must contain. But the whole section evidently contemplates that whenever exceptions are taken to the rulings of the referee, or to his findings, these exceptions should be heard and considered

by the circuit court before they are received by the supreme court. The referee is to note any exception taken before him, and return them to the court in which the action is pending, together with the testimony, in order that the court may review them, if the excepting party insists upon them. We suppose the usual mode for bringing the exceptions before the circuit court is on a motion to set aside or confirm the report of the referee. On such a motion, or upon exceptions to the findings of the referee, the circuit court would necessarily review the rulings of the referee as to the admission or exclusion of evidence. But it was manifestly not the object of the statute, that the supreme court should review directly the exceptions taken before the referee, without such exceptions being first considered and passed upon by the circuit court. This court does not review the decisions of referees, but the decisions of courts. And a party against whom a referee decides, may take his exceptions on the trial, and if he wishes to insist upon them, he may have them reviewed by the court on a motion to set aside, modify or confirm the report of the referee; and then the exceptions can be considered here. But it is not correct practice for the supreme court to review them in the first instance, without the circuit court passing upon them.

It is true, the 16th section of this same chapter provides, that upon an appeal to the supreme court from a judgment rendered in cases tried by the court or before a referee, the supreme court may review any question of fact, as well as of law, decided by the court or referee, where exceptions have been taken to the findings upon questions of fact. At first blush, this might seem to provide that the supreme court should directly review the action of referees. This, however, was not the object of this provision, but it was intended to devolve upon the supreme court the duty of

Jenkins vs. Esterly.

reviewing the evidence in a common law action tried by a court or referee, in the same manner as in equity causes. The section must be construed with other portions of the same statute, and reconciled with them if there is a conflict. But there does not seem to be any conflict upon this point. And taking the whole statute into view, we are clearly of the opinion that it does not sanction the practice of this court reviewing exceptions taken to the rulings of a referee, when such exceptions have never been considered by the circuit court. In this case, therefore, the exceptions taken before the referee, having never been passed upon by the circuit court, are not properly before us for review.

But it is said there was an irregularity in rendering judgment on the report upon motion of the defendant, as no notice of such a motion had been served upon the attorney of the plaintiff. We are of the opinion that correct practice requires that notice of such a motion should be given the opposite party. And if it is not given, the proper way for the aggrieved party to proceed is, by an application to the circuit court to set aside the judgment for that reason. But he cannot take advantage of the error in practice on appeal from the judgment, especially where, as in this case, there is no exception to the order directing judgment to be rendered according to the findings of the referee. The plaintiff should have made his motion in the circuit court to set aside the judgment because no notice of the motion was given him; and if the court had refused to set the judgment aside, he could have appealed from the order denying his motion. He has mistaken the practice upon this point, as well as upon the one first noticed.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.