## GILBANK VS. STEPHENSON.

*Attorney cannot become surety — Practice — Exceptions to finding by referee.*

1. Under sec. 1, ch. 21, Laws of 1859 (2 Tay. Sts., 1344, § 37) an attorney-at-law practising in any county of this state is absolutely disqualified from becoming surety in an undertaking in *any* action, and not merely in one in which he is *professionally* interested, or where he proposes to become surety for his client. *Cothren v. Connaughton*, 24 Wis., 134.
2. Where the record has been returned to this court, on appeal, the undertaking being defective, a new one may be filed on leave procured from the court below (Laws of 1860, ch. 264, sec. 17; or 2 Tay. Sts., 1640, § 23); and after such filing the appeal cannot be dismissed for the defect in the first undertaking.
3. In case of a trial by a referee, exceptions to his findings and conclusions, to be made available on appeal, must be taken before the court below, as by objecting and excepting to the confirmation of the report, or moving to set it aside, or modify it, and excepting to a denial of such motion (*Jenkins v. Esterly*, 22 Wis., 128); and there must be a bill of exceptions settled to enable this court to review such findings and conclusions.

APPEAL from the Circuit Court for *Iowa* County.

Motion by plaintiff and respondent to dismiss defendant's appeal. The grounds of the motion and the nature of the objections are stated in the opinion.

*Moses M. Strong*, for the motion.

*Lanyon & Spensley* and *M. M. Cothren*, contra.

Dixon, C. J. The plaintiff moves to dismiss the appeal of the defendant, for the reason that one of the sureties named in and who executed the undertaking, is a practising attorney of the county of Iowa where he resides. Annexed to the motion is an affidavit showing that the surety is and was at the date of the undertaking, a practising attorney in the circuit court for that county. In answer to the motion, the defendant shows that if the undertaking shall be adjudged defective on this ground, he has asked for and obtained leave from the judge of

the court below, to perfect a new undertaking, and that the same has been so perfected and filed with the clerk of this court.

There can be no doubt of the insufficiency of the undertaking which constitutes the basis of this motion. The statute declares that "hereafter no attorney or counsellor-at-law, practising in any of the counties of this state, shall be taken or received as bail or security on any undertaking, bond or recognizance in any case or action, civil or criminal." Laws 1859, ch. 21, § 1; 2 Tay. Sts., 1344, § 37.

It is contended by counsel for the defendant, that this statute applies only to cases where the attorney or counsellor offers himself as bail or security in an action in which he is professionally engaged or interested, or where he proposes to become bail or security for a client. This position, we think, is clearly untenable. The language of the statute is general, and was, undoubtedly, intended, according to its plain import, to include every action, and to forbid a practising attorney or counsellor from becoming bail or security in any case. With the policy of such a law, or the practical inconveniences which may flow from the enforcement of it, the courts have nothing whatever to do, when its language is plain and unambiguous. We must apply the statute as it reads, and say as the legislature have said, that an attorney or counsellor-at-law, practising in any county of the state, can, under no circumstances, be taken or received as bail or security in any action, civil or criminal, and we cannot create exceptions or impose limitations where none are found in the statute, and where it contains no words evincing such an intention on the part of the legislature. Such in substance was the view taken of the statute in *Cothren v. Connaughton*, 24 Wis., 134, and we see no reason to doubt its correctness.

The practice adopted by counsel for the defendant, of procuring leave of the judge of the court below to make and file a new or amended undertaking, is expressly sanctioned by statute, and so, of course, is unexceptionable. Laws 1860, ch. 264, §

17, 2 Tay. Sts., 1640, § 23. The appeal cannot be dismissed with such new undertaking permitted and approved by the judge of the court below.

Counsel for the plaintiff raises a question whether a bill of exceptions settled and signed by the judge, is not necessary to enable this court to examine and review the questions of fact and conclusions of law in a cause tried in the court below, before a referee. This is not a question properly before us upon this motion, but as there are cross appeals from the judgment, and counsel on both sides joined in a request that we should decide it in order to save expense, etc., we have concluded to do so. In our opinion, a bill of exceptions certified and signed by the judge is necessary. It is made so by section fourteen of chapter 264, Laws 1860, 2 Tay. Sts. 1639, § 20. That chapter was undoubtedly intended as a codification of the law upon the subject of appeals, writs of error and proceedings thereon, and regulates the practice in all the particulars mentioned in and provided for by it. It operated as a repeal of any previous practice or mode of proceeding, so far as the same was inconsistent with its provisions. Section fourteen operated to repeal so much of section twenty-three, of chapter 132, R. S., (2 Tay. Sts. 1499 § 326), as was not in harmony with its provisions. Such has always been the view entertained by this court, as will be seen by the case of *Jenkins v. Esterly*, 22 Wis., 128, and such also, we believe, the view of the profession as shown by the practice generally pursued in bringing such cases to this court. In this case, therefore, a bill of exceptions will be necessary if the intention is to review in this court the findings of fact by the referee or his conclusions of law thereon, as well as to give the parties the benefit of any exceptions which may have been taken before the court when the report of the referee was brought up for confirmation, or when any motion may have been made to modify or set the same aside, through which last exceptions alone can those taken before the referee be reached or considered by this court. See *Jenkins v. Esterly, supra*.

*By the Court* — Motion to dismiss appeal denied.