## HILLS VS. SEELEY.

**APPEAL.** *Practice on. Where no bill of exceptions showing evidence, order refusing to confirm report of referee presumed correct.*

An order of the circuit court refuses to confirm a referee's report (showing the evidence taken by him, and his findings of fact thereon, etc.), and gives plaintiff leave to amend his complaint and bring in new parties. On appeal from this order, there being *no bill of exceptions : Held,* that the referee's report is not before the court, and in its absence the order appealed from must be presumed correct.

APPEAL from the Circuit Court of *Fond du Lac* County.

*Knowles & Babcock,* for the appellant, argued the case at length upon its merits.

*E. S. Bragg,* for respondent.   [No brief on file.]

COLE, J.   Upon looking into the record, we do not find any bill of exceptions.   The cause seems to have been tried by a referee, who reported his findings of fact and conclusions of law, together with the evidence, to the circuit court.   Exceptions were filed by the defendant to these findings.   The plaintiff made a motion to confirm the report of the referee, which motion was heard, together with the exceptions to the same.   The court refused to confirm the report, and ordered that the motion be denied, and that the plaintiff have leave, on payment of costs, to bring in new parties and amend his complaint as he might be advised.   From this order an appeal has been taken, and the cause has been argued in this court upon the assumption that the evidence taken before the referee, and his findings thereon, were before us for review.   But this is a mistake.   In *Gilbank v. Stephenson,* 30 Wis., 155, it was held that when a cause was tried by a referee, in order to enable this court to review questions of fact and conclusions of law, the circuit court must pass upon such questions, and a bill of exceptions must be settled as in a cause tried originally in the circuit

court. See also *Jenkins v. Esterly*, 22 Wis., 128. Now, as there has been no bill of exceptions settled in this case, it is very obvious that the testimony and findings of the referee are not before us for examination. And we must presume that the circuit court, upon the evidence before it, correctly decided that it was necessary for the plaintiff to bring in other parties before there could be a complete determination of the action. In the absence of the testimony, we certainly cannot assume that the order of the circuit court was erroneous, or that it was not fully warranted by the facts before that court. All the evidence contained in the report of the referee, with the findings, was before the circuit court, on the ·motion to confirm, as it is not before this, for want of the necessary bill of exceptions.

The order of the circuit court must consequently be affirmed.

*By the Court.*—Order affirmed.