RILEY VS. MITCHELL.

EXCEPTIONS. (1) *To report of referee. Not reviewable in this court unless passed on by court below.* (2) *Must be made to referee's finding.*

1. It is settled in this court, that exceptions to the rulings of a referee in admitting or excluding evidence will not be reviewed here unless the record shows that they have been passed upon by the *court* below.

2. To enable this court to review the decisions of the court below upon exceptions to the referee's rulings as to the admission of evidence, the record here must show, not only that after the referee filed his report (stating the evidence taken by him and his findings of fact and conclusions of law), appellant moved to set the report aside and for a a new trial, and excepted to an order denying the motion, but also that he had filed *exceptions to the referee's findings of fact.*

APPEAL from the Circuit Court for *Chippewa* County.

Action on money demand on contract. The issue, involving the examination of a long account, was referred to a referee. On the trial before the referee, numerous exceptions were taken to his rulings, in admitting and excluding evidence. The bill of exceptions contains the evidence and these exceptions, and recites that, " on the hearing to confirm the report of the referee, the defendant's attorney moved to set it aside, and for a new trial, which was overruled, and the defendant's counsel excepted. And because none of said exceptions appear," etc. The referee filed his report, containing his findings of fact and conclusions of law. No exceptions were filed, or appear in the bill of exceptions, to the referee's finding. The case states that on the hearing of the report, the defendant's counsel moved to set aside the same, " on the exceptions noted in said report," which motion was overruled. The order entered confirms the report, and orders judgment thereon for the plaintiff. From such judgment defendant appealed.

*Wheeler & Marshall*, for appellant.

*Arthur Gough*, for respondent.

COLE, J. The counsel for the defendant seeks to have this court review the exceptions taken to the rulings of the referee in excluding and admitting evidence on the trial before him. It does not appear that these exceptions have ever been considered and passed upon by the circuit court, and they, therefore, cannot be reviewed by this court. The practice in such cases is settled in *Jenkins v. Esterly*, 22 Wis., 128, and *Gilbank v. Stephenson*, 30 id., 155. In the former case it is said that the statute upon the subject evidently contemplates that whenever exceptions are taken to the rulings of the referee, or to his findings, these exceptions should be heard and considered by the circuit court before they are reviewed by this court. It would seem to be unnecessary to go into a detailed examination of the provisions of the statute which regulate the practice of trying causes before a referee, and which prescribe the method of bringing them before this court for review, after what is said in the above decisions.

In this case the referee filed his report, stating what facts were found by him upon the evidence, and also stating his conclusions of law. It does not appear that any exceptions were ever filed to these findings of the referee. The bill of exceptions states that on the hearing in the circuit court of the motion (as we suppose) to confirm the report, the defendant's attorney moved to set it aside and for a new trial, which was overruled, and an exception taken. But what exception, taken before the referee, was heard and determined by the circuit court, it is impossible to tell. True, the statute makes it the duty of the referee who tries the cause to note in his minutes any exceptions taken before him, and to return such exceptions, together with all the testimony, with his report, to the court in which the action is pending. Sec. 14, ch. 264, Laws of 1860. Any of these exceptions may be heard and determined in the circuit court, if a party is dissatisfied with them and desires a review by that court. But in order that this court may review the decisions of the circuit court upon the exceptions, the record

must show that that court acted upon them and considered them.    This record does not show anything of the kind.   If the defendant had filed exceptions to the findings of the referee, we should then have had some means of knowing what the circuit court passed upon on the motion to confirm or set aside the report.   As it is, the record does not show that the circuit court was called upon to consider, or did in fact consider, a single exception taken before the referee.   No ground being laid for a review by this court of the decision of the circuit court upon the exceptions, it follows that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.