## THORNTON VS. EATON.

APPEAL TO SUPREME COURT. *(1) When exceptions taken before referee reviewable here. (2) Record on appeal; due authentication of bill of exceptions.*

1. To bring before this court for review exceptions taken before a referee, the record must show that the court below considered and acted upon those exceptions (*Riley v. Mitchell*, 37 Wis., 612; *Jenkins v. Esterly*, 22 id., 128); the proper practice is for the excepting party to move, on the ground of such exceptions, to modify or set aside the report, and except to the order of the court denying such motion (*Gilbank v. Stephenson*, 30 Wis., 155); and where the record merely shows an exception to the order of confirmation, and does not show that the court below was called upon to consider, or did consider, the exceptions taken before the referee, or to the findings or report, this court cannot review them.

2. After a record on appeal had been returned to and filed in this court, authenticated in due form as containing all the papers, pleadings and proceedings in the cause, there was filed here, without direction or leave of the court, what purported to be a bill of exceptions, not properly authenticated as such, but with the certificate of the clerk of the circuit court appended thereto, stating that the "annexed and foregoing are the original and all the papers and pleadings which have been filed in my

office in the above entitled cause; and the same are hereby transmitted to the clerk of the supreme court, pursuant to the direction of the attorney of the defendant." *Held*, that the certificate and document to which it is annexed cannot be treated as any part of the record under the rule of practice in *Jackson v. Town of Bellevieu*, 30 Wis., 250.

·APPEAL from the Circuit Court for *Manitowoc* County.

This was an action on contract, and was tried before a referee. Plaintiff moved that the referee's report be modified, and that judgment be entered upon it when so modified; and, after hearing plaintiff in support of such motion, and defendant in opposition thereto, the court confirmed the report, and rendered judgment pursuant thereto. From such judgment the defendant appealed.

The facts upon which the judgment of this court rests, will sufficiently appear from the opinion.

The appeal was submitted on the brief of *R. P. Eaton*, appellant, in person, and that of *Nash & Schmitz* for the respondent.

Orton, J. In *Riley v. Mitchell*, 37 Wis., 612, it is held that, in order that this court may review the decisions of the circuit court upon exceptions taken before a referee, the record must show that the circuit court acted upon them, and considered them; and in *Jenkins v. Esterly*, 22 Wis., 128, that, whenever exceptions are taken to the rulings of the referee and to his findings, these exceptions should be heard and considered by the circuit court, before they are reviewed by this court; and in *Gilbank v. Stephenson*, 30 Wis., 155, that the proper manner of reviewing and considering such exceptions in the circuit court is, when the report of the referee is brought up for confirmation, or on motion to modify it or set it aside, to make such exceptions the grounds of such motion, and have them passed upon by the court; and then the proper exception to the decision of the court upon such motion may bring such exceptions before this court for review upon appeal.

In this case, it does not appear that the circuit court was called upon in any manner to consider, or did consider, the exceptions taken before the referee, or to his findings or re-

Thornton vs. Eaton.

port; and in the record there is only one exception, and that is taken to the order of confirmation made upon the motion of the respondent.

There appears upon the files of this court what purports to be a bill of exceptions; but it was filed sometime after the return and filing of the record in the cause, duly and fully authenticated as containing all the papers, pleadings and proceedings; and it is not attached to such record in any way, and did not come here by any order, direction or leave of the court, and it has no authentication as the bill of exceptions in the case. The certificate of the clerk of the circuit court, appended to this so-called bill of exceptions, is, "that the annexed and foregoing are the original and all the papers and pleadings which have been filed in [his] office in the above entitled cause, and the same are hereby transmitted to the clerk of the supreme court, Madison, pursuant to the direction of the attorney of the defendant." This certificate makes no reference to the bill of exceptions, as such, which is the only paper to which it is attached, and is a certificate to "the original and all the papers and pleadings in the cause," to which it is *not* attached; and it must therefore be treated as a mere fugitive paper, unauthenticated and unauthorized, and as no part of the record, and as no compliance with the rule of practice in such cases as laid down in *Jackson v. The Town of Bellevieu*, 30. Wis., 250. But even if this paper were to be treated as a bill of exceptions in the case, it fails to show that the circuit court ever considered the exceptions taken before the referee, or to his findings or report.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.

RYAN, C. J., took no part.

A motion by the appellant for a rehearing was denied.