DRUMMOND, surviving partner, etc., vs. HUYSSEN.

EVIDENCE. *(1) Burden of proof.*
TRIAL BY REFEREE. *(2) When judgment will not be reversed. (3) How exceptions to referee's rulings made available on appeal.*

1. In an action for the price of goods alleged to have been furnished to a third person upon defendant's promise to pay therefor, if plaintiff's books show that the goods were charged to such third person and the payments thereon credited to him, the burden is upon plaintiff to overcome the inference against him arising from this fact.
2. In this action, tried by a referee, this court refuses to disturb the findings and judgment of the court below, in the absence of a satisfactory preponderance of evidence against them.
3. In an action tried by a referee, even where there is a bill of exceptions containing the evidence and appellant's exceptions to the referee's rulings thereon, if the record fails to show that the circuit court was afterwards called upon to review, those exceptions, they cannot be considered here on appeal.

APPEAL from the Circuit Court for *Eau Claire* County.
Action for the value of goods alleged to have been sold to the defendant and delivered at his request to one Eastabrook. The trial was before a referee, upon whose findings and report judgment was rendered in favor of the defendant; and the plaintiff appealed. The errors alleged will sufficiently appear from the opinion.

For the appellant, there was a brief by *Meggett & Teall,* his attorneys, with *Henry Cousins,* of counsel, and oral argument by *Mr. Meggett.*

*H. H. Hayden,* for the respondent.

TAYLOR, J. The only question in this case which is properly before this court, is, whether there is sufficient evidence to sustain the judgment.

The controversy on the trial in the court below was, whether the goods, for the recovery of the value of which this action was brought, were sold to the defendant, or to one William B.

Eastabrook. The allegation in the complaint is, that the goods were delivered to Eastabrook upon the verbal request of the defendant and upon his promise to pay for the same, made before the delivery thereof; and that, relying solely upon such promise of the defendant, the goods were delivered to the said Eastabrook. The case was tried before a referee, who found as a matter of fact, "that the merchandise and supplies specified in the complaint were not sold by the plaintiffs to the defendant, nor upon his credit or promise to pay therefor, and that he did not become liable to the plaintiffs for the same, but that they were sold and delivered to William B. Eastabrook, and upon his credit."

After a careful examination of the evidence as found in the record, we are satisfied that the findings of the referee upon the issues of fact are sustained by the evidence, and, under the rule established by this court in the cases of *Ely v. Daily*, 40 Wis., 52, and *Murphy v. Dunning*, 30 id., 296, the finding and judgment of the court below must stand. In the case at bar, 'the books of the plaintiff showed upon their face that the goods were sold and the credit given to Eastabrook; the burden of proof was therefore upon the plaintiffs, and not only to show that the goods were sold on the credit of the defendant, but also to overcome the inference against them growing out of their manner of keeping the account. And we are unable to say from the evidence that the plaintiffs have so effectually established the facts in their favor as to demand of the court a judgment for them.

The record does not show that the exceptions taken to the introduction and rejection of evidence on the trial before the referee, were renewed again in court, on the motion to confirm the report.

The record recites that "the court, on the 10th of August, 1877, upon defendant's motion to confirm said report, and for judgment thereon, heard in open court April 7, 1877, and opposed by plaintiffs on said exceptions duly served and filed,

confirmed said report *nunc pro tunc* as of April 7, 1877, and ordered judgment for the defendant accordingly." The exceptions referred to in said recitation are clearly the exceptions just before mentioned in the record as the exceptions taken to the findings of fact and conclusions of law made by the referee, and not the exceptions taken to the rulings of the referee upon the admission and rejection of evidence upon the trial. There does not appear to have been any formal motion on the part of the plaintiffs to set aside the report, and the only ground stated for opposing the confirmation was apparently based upon the exceptions to the findings of fact and conclusions of law of the referee. In this state of the record, this court cannot review the exceptions taken on the trial before the referee. The rule established by this court in *Gilbank v. Stephenson,* 30 Wis., 155, was followed in a late case, *McDonnell v. Schricker,* 44 Wis., 327, and is as follows: "The objections taken before the referee should be renewed in the circuit court on the motion to confirm the report, or on a motion to set aside or modify it; and the rulings of the court thereon should be preserved in a bill of exceptions containing the testimony upon which the court acted." It is true, in this case there is a bill of exceptions containing the evidence and the exceptions of the appellant to the rulings of the referee upon the trial; but the bill of exceptions and the record both fail to show that the circuit court was ever called upon to review and pass upon the exceptions taken to the rulings of the referee as to the admission or rejection of evidence. This court, on an appeal from the judgment of the circuit court in an action tried before a referee, does not review the rulings, decisions or findings of the referee, but only the rulings, decisions and findings of the circuit court.

It is alleged in the appellant's supplemental brief, that it appears from the written opinion of the circuit judge, that his attention was called to the exceptions taken to the rulings of the referee upon the trial, and that he was asked by the counsel

for the appellant to have the same reviewed and passed upon by the circuit court, and that the court did consider them, and sustained all the rulings made by the referee. No such fact appears in the record in this court, and we can only act upon what appears in the record.

*By the Court.*— The judgment of the circuit court is affirmed.