SMALL, Respondent, vs. TOWN OF PRENTICE, Appellant.

*January 31 — February 21, 1899.*

(1) *Reference: Exceptions: Appeal.* (2-5) *Injury from defective sidewalk: Notice: Mailing: Evidence: Contributory negligence.*

1. Objections taken before a referee must be renewed before the court on the motion to confirm or to modify or set aside the report, and the rulings of the court thereon must be preserved in the bill of exceptions; otherwise the rulings of the referee cannot be reviewed by the supreme court on appeal.
2. Proof of the mailing of a written notice in time to reach the person addressed in the regular course of the mail, *prima facie* establishes the fact that it was so received.
3. The notice of injury from defects in a highway, required by sec. 1339, R. S. 1878, need not be personal notice. A notice mailed to and received by the proper officer is sufficient.
4. In an action for injuries sustained by falling on a sidewalk alleged to have been rendered uneven and unsafe by accumulations of ice

Small vs. Town of Prentice.

and snow, it was not sufficient for plaintiff to show such condition of the walk and that while proceeding with care he fell thereon and was hurt, but he should also show that the accident was the result of the defects alleged, especially where it appeared that the whole surface of the country was slippery and icy.

5. To run over a rough, uneven sidewalk which has been rendered slippery by ice and sleet, with knowledge of such conditions, constitutes contributory negligence.

APPEAL from a judgment of the circuit court for Price county: E. B. BUNDY, Judge. *Reversed.*

Action for injury on a defective sidewalk. The complaint alleged the defect as follows: " That said walk had become uneven from use, by the snow having sunk lower in some places than in others by incessant travel thereon, and the snow and ice had been allowed to accumulate on said walk, to become so rough and uneven, thereby making it dangerous and unsafe to travel thereon." The plaintiff fell and broke his leg while passing over this walk from the hotel to the depot, in the village of Prentice. The complaint further alleged the giving of notice, the filing of a claim, and the refusal of the town to act on the same. The answer admits the filing of a claim on March 25, 1893, but alleges that no notice as required by sec. 1339, R. S. 1878, was served on the town officials until May 11, 1893, after the town meeting had been held. The answer further alleged that the slipperiness of said walk was occasioned by the elements, for which defendant was not liable, and that plaintiff's accident was caused by his own want of care and prudence in passing over said walk.

By consent, the case was referred to a referee to hear, try, and determine. On the day appointed for the hearing, the referee not appearing, the testimony was taken by stipulation before a notary public. Sundry adjournments were taken by the notary for his own convenience. At the time the last adjournment was taken the plaintiff was on the stand, and had completed his direct testimony in rebuttal.

At the adjourned day he failed to appear. The testimony was finally submitted to the referee. At that time defendant moved to strike out plaintiff's testimony in rebuttal, because he had not appeared for cross-examination. The referee failed or refused to rule on said motion.

After holding the case under advisement for some time, the referee made findings for the plaintiff. Among other things, he found that plaintiff was injured as alleged in the complaint, without negligence or fault on his part; that the sidewalk, when he was injured, was unsafe for foot travel, "and that the same was rough, ridged, and uneven by use, and rounded up, and highest in the center, and sloping towards the outer edges of the walk, having an uneven, frozen, icy, and slippery surface," of which condition the town had due notice. He also found that notice of the accident was given to defendant's officers on March 25, 1893, and that the allegations of the answers were unproved. Plaintiff's damages were fixed at $1,500.

Exceptions were seasonably taken to the referee's findings. The report was submitted to the court, and confirmed, to which order defendant excepted, but the record fails to show that the defendant renewed the objections made before the referee when the case was submitted to the court. Judgment having been entered for the plaintiff, the defendant takes this appeal.

For the appellant there was a brief by *M. Barry*, attorney, and *Cate, Sanborn, Lamoreux & Park*, of counsel, and oral argument by *A. W. Sanborn* and *Mr. Barry*.

*John B. Hagarty*, for the respondent.

BARDEEN, J. Many exceptions taken to the reception of evidence are assigned as error, and argued by counsel for defendant. They especially ask a ruling upon the failure or refusal of the referee to require the plaintiff to appear for cross-examination, or to strike out his testimony given

on rebuttal. The condition of the record renders us power-less to pass on these questions. It has long been the ruling of this court that objections taken before the referee must be renewed before the court on the motion to confirm or to modify or set aside the report, and the rulings of the court thereon preserved in the bill of exceptions. In no other way can the rulings of the referee be reviewed by this court. *Gilbank v. Stephenson*, 30 Wis. 155; *McDonnell v. Schricker*, 44 Wis. 327. When exceptions are duly taken to the referee's findings, as provided in sec. 2871, Stats. 1898, and are preserved in the bill of exceptions, this court will review the case, except that it will not consider errors committed by the referee in the course of the trial, unless preserved and presented in the manner before suggested.

The referee found that due notice of plaintiff's accident was given the chairman of defendant on March 25, 1893. This finding is based upon the fact that plaintiff's attorney, on March 24, 1893, sent a copy of such notice through the mail to Mr. Gallett, one of defendant's supervisors. The proof also shows that personal service was had of the notice on May 11, 1893, upon which Mr. Gallett admitted service. There is no proof that the copy of the notice sent by mail to Mr. Gallett was not received by him, except such as may be inferred from the following statement from his testi-mony. His attention was being directed to the notice upon which he had admitted service. He says: " I suppose that service was made on me at the time then stated. There was only one such service had on me of such notice." Counsel for defendant construe this to mean that the notice sent him by mail was never received. We cannot agree with this construction of the testimony. At no time had his atten-tion been directed to the alleged service by mail. He was speaking only of the service admitted to have been made on May 11th, and then he says, " There was only one *such* serv-ice had on me of such notice." The use of the words " such

service " must be held to refer to the service concerning which he was being interrogated. There can be no question that a proper notice was sent through the mail in ample time for the witness to have received it on the date found by the court. Proof of the mailing of a letter in time to reach the person to whom it was addressed in the regular course of the mails, *prima facie* establishes the fact that it was so received. *McDermott v. Jackson*, 97 Wis. 64; Jones, Ev. § 46.

It is argued, however, that the service of such notice must be *personal*, and that nothing short of that will answer the purpose of the statute. The language of the statute is: " No such action shall be maintained against any . . . town . . . unless . . . notice in writing, signed by the party, his agent, or attorney, shall be given to . . . a supervisor of the town . . . against which damages are claimed." [R. S. 1878, sec. 1339.] No consideration of public policy of which we are aware requires that we should hold that such service should be personal. Undoubtedly, it must appear *prima facie* that such notice has been received by the proper officer, or no recovery can be had. Such facts appearing in this case, the finding of the referee cannot be disturbed.

Another question is raised as to the sufficiency of the evidence to support the finding that plaintiff's accident was the direct result of the defective conditions alleged. Admitting, for the purposes of the argument, that an actionable defect in the walk was shown, still we are convinced that there is no evidence in the record to support the conclusion that the accident occurred by reason thereof. The evidence is entirely silent as to how the accident occurred. The plaintiff says that he was very careful, picking his way along, and fell and broke his leg. Whether he slipped on a ridge or stepped in a depression he does not say. The evidence is that the whole surface of the country was slippery and icy. It had been raining and freezing, so that it was generally

slippery. With such attendant conditions, it was all the more necessary that plaintiff should show that his accident was the result of the defects of which he complained. This question has been so recently discussed and so fully covered by Mr. Justice MARSHALL in the case of *Hyer v. Janesville*, 101 Wis. 371, that nothing further need be said.

The finding upon plaintiff's negligence is clearly against the weight of the evidence. True, he says he was walking carefully, picking his way. He further says that he noticed the bad condition of the walk, and saw that it was rough, uneven, and in dangerous condition. Four witnesses for defendant say that he started for the depot on the run, and fell while running. If their testimony is to be believed,— and there is nothing suggested to impeach it,— the facts of plaintiff's negligence would seem to be pretty clearly established. Knowing, as he said he did, that the walk was rough and uneven, and that the ground was slippery with ice and sleet, to start on the run over this walk indicates a degree of indifference and carelessness bordering on recklessness. If the weight of the testimony is to be considered, the court's conclusions were certainly wrong.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment for the defendant.