NACK, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 13—April 6, 1926.*

*Criminal law: Larceny as bailee: Defense that property was gift to accused: Evidence: Letter sent through intermediary and answer by same course: Presumption: Admissions of accused: Cross-examination: Remarks by court: Harmless error.*

1. In a prosecution for larceny as bailee, a letter from the accused to the owner, who the accused contended had given the property to him, was properly received in evidence when containing admissions or statements throwing light upon the matter of gift or title to the property. p. 635.
2. Where the accused, keeping his whereabouts unknown, sent a letter to an intermediary, V., to forward to the owner of the property, and the owner had, in response to his suggestion for a reply, mailed an answer addressed to the defendant in care of the intermediary, there was a presumption that the accused received it; and the presumption that the letter mailed to accused in care of V. had been received by the accused

being raised, the question whether he did receive it is for the jury, although both he and V. denied having received it. p. 636.

3. Testimony of a third person concerning conversations between the accused and one since deceased is admissible to show that accused had made admissions inconsistent with his claim of gift from such person. p. 636.

4. It was improper to permit the accused to be cross-examined concerning a case wherein it was claimed he had been enjoined from maintaining a house of ill-fame, but it was not prejudicial. p. 637.

5. The amount of money appropriated being $6,500, it was proper, on cross-examination, to ask the accused how he had spent $5,000 after he had left the city where the alleged larceny occurred. A remark by the court in passing on an objection that the money concerning which accused was being examined belonged to another than accused, the title thereto being the question at issue, was improper, but is *held* not reversible error. p. 637.

ERROR to review a judgment of the circuit court for La Crosse county: JAMES WICKHAM, Judge. *Affirmed.*

The plaintiff in error was convicted of the crime of larceny as bailee. He was sentenced to four years in the state prison at Waupun. From such sentence he sued out a writ of error.

For the plaintiff in error there was a brief by *A. C. Wolfe* of La Crosse and *C. W. Graves* of Viroqua, and oral argument by *Mr. Wolfe.*

For the defendant in error there was a brief by *Lawrence J. Brody,* district attorney of La Crosse county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Brody.*

CROWNHART, J. The plaintiff in error, hereinafter called the defendant, was convicted of larceny as bailee of $6,554.15, and sentenced to four years in the state prison.

The facts, briefly stated, are as follows: Defendant, forty-seven years of age, divorced, lived in La Crosse about a block from Mrs. Mary Dittman, a widow for some six years.

They were acquaintances since childhood. During the three years preceding the offense as charged, defendant and Mary Dittman were together a great deal and were intimate friends. On January 1, 1924, they went to Chicago to be married, but owing to the fact that Mary was a Catholic and the defendant a divorced man, the rules of the church prevented the marriage. Mary had been ailing for a couple of years prior to September, 1924, and some time prior to August 5, 1924, it was known that she had cancer and an operation was decided upon. On that day defendant claims that Mary Dittman made him a gift of all her personal property and delivered the same to him, he being required to pay her expenses during her life and illness.

The State contended that defendant became bailee of the property of Mary Dittman and not a donee. The evidence of gift was sufficient to take that question to the jury, but the jury found against the defendant. The verdict is fully sustained by the evidence, and, unless there were reversible errors in the trial, the verdict and judgment must stand.

At the time of the trial in May, 1925, Mary Dittman was dead, she having died in March, 1925.

Over the objection of defendant, a letter written by him to Mary Dittman, and a copy of her answer thereto, were admitted in evidence. This is assigned as error.

The defendant was sued by Mary Dittman, after she left the hospital in September, to recover the property he had converted, as she claimed, and judgment was had in her favor. Later he left La Crosse and his whereabouts were unknown. About February 1, 1925, Mary Dittman received a letter from the defendant, without date, headed "The Unknown Land." This letter had been sent by defendant, inclosed in an envelope, sealed and addressed, to defendant's brother-in-law, Mr. H. B. Vincent, at La Crosse, to be mailed by him at La Crosse to Mrs. Dittman, which was done. The letter was properly received in evidence as con-

taining admissions or statements throwing light upon the matter of gift or title to the property claimed as a gift. The letter was answered by Mary and mailed to the defendant in care of H. B. Vincent, 1019 Vine street, La Crosse. Vincent denied receiving this letter. Defendant denied receiving the letter. The copy of the letter was recived on the theory that the mailing of the letter was presumptive evidence of its receipt. We think under all the circumstances there was a presumption that defendant received the letter. He had chosen his brother-in-law as his agent to aid in corresponding with Mary Dittman so as to keep his residence unknown. Defendant testified that he wished and expected an answer through the agency of his brother-in-law. His letter suggested a reply, and Mary Dittman chose the only course open to her, to send her letter to defendant through the course he had adopted for the correspondence. 4 Wigmore, Evidence (2d ed.) § 2153; 1 Wigmore, Evidence (2d ed.) § 95; *McDermott v. Jackson,* 97 Wis. 64, 75, 72 N. W. 375; *Small v. Prentice,* 102 Wis. 256, 78 N. W. 415.

It then became a question of fact for the jury to find whether defendant received the letter from Mary. The jury were not bound to accept the testimony of either Vincent or *Nack* on that question as final. They may have rightly disbelieved both of them. The envelope with postmarks, in which defendant's letter to Mary was received, was also properly admitted in evidence as part of the chain.

Two sisters of Mary Dittman—Minnie and Anna Carroll—were permitted to testify to certain conversations overheard by them between defendant and Mrs. Dittman. The conversations related to ownership of the personal property in question. By this evidence it was sought to be shown that defendant made admissions inconsistent with his claim of gift. For this purpose the evidence was pertinent and admissible. The court limited the evidence, by instruction to the jury, to its proper function.

The defendant claims that he was permitted to be cross-examined on a certain case wherein it was claimed he had been enjoined from maintaining a house of ill-fame. It does appear that he was so examined, and improperly so. The record was not admitted in evidence, and no doubt the objectionable evidence would have been stricken out by the court when the record was ruled out if request had been made therefor, or the court undoubtedly would have instructed the jury to have disregarded such testimony if his attention had been directed to it. It was not a very important matter and we do not regard it as prejudicial.

The defendant further assigns as error "that the defendant did not have a fair trial, evidenced by the remarks of the court in the presence of the jury during the trial and the rulings of the court, all of which tended to indicate to the jury that the court believed the defendant was guilty as charged in the information, and which was prejudicial to defendant." From an examination of the record we do not think the substantial rights of the defendant were adversely affected.

Defendant, on the stand, was asked by the district attorney how he had spent $5,000 after he left La Crosse. Counsel for the defendant objected on the grounds that the fact was incompetent, irrelevant, and immaterial. The court said: "Overruled. *It is her money. Quite competent.*"

The ruling was proper and the remarks improper. The question at issue was the title to the money in question. That was a question for the jury from the evidence, not a question of law to be decided by the court. Were this a close case we would hesitate to hold the remarks of the court here set forth without prejudice. Sec. 3072*m,* now sec. 274.37, Stats., provides:

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admis-

State ex rel. Federal M. A. Ins. Co. v. Kellogg, 189 Wis. 638.

sion of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

On the whole, the judgment is fully sustained by the evidence.

*By the Court.*—The judgment and sentence of the circuit court are affirmed.