BERNING, Respondent, vs. GIESE and wife, Appellants.

*December 5, 1956—January 7, 1957.*

For the appellants there was a brief and oral argument by *H. Maxwell Manzer* of Madison.

For the respondent there was a brief by *Aberg, Bell, Blake & Conrad* and *George G. Blake,* all of Madison, and oral argument by *George G. Blake.*

MARTIN, J.   Defendants contend that the referee's findings are against the clear preponderance of the evidence, but a reading of the record satisfies us that there is ample credible evidence to support them.

The judgment must be affirmed, however, on the ground that defendants failed to present the alleged errors of the referee to the trial court.

The referee's report was filed on October 20, 1955. Notice of motion for confirmation of the report, setting the time for hearing thereon at 9 a. m. on December 1, 1955, was duly served on defendants' attorney on November 9, 1955. Neither the defendants nor their attorney appeared at said hearing; the circuit court confirmed the referee's report and judgment was entered on that day.  So far as the record discloses, defendants have made no effort to have the judgment set aside.

Sec. 270.35, Stats., so far as material, provides:

"The trial by referee shall be conducted in the same manner as a trial by the court . . . they must state the facts found and conclusions of law separately and report their findings, together with all the evidence taken by them and all exceptions taken on the hearing, to the court; and the court may review such report and on motion enter judgment thereon or set aside, alter, or modify the same and enter judgment upon the same so altered or modified, and may require the referees to amend their report when necessary.  The judgment so entered by the court may be appealed from to the appellate court in like manner as from judgments in other cases,

and the report of the referees may be incorporated with the bill of exceptions. When the reference is to report the facts the report shall have the effect of a special verdict."

Defendants are asking this court to review the referee's findings without having made such request to the trial court. This we cannot do. This court has held on numerous occasions that it will not consider matters which were not presented to the lower court. See 1 Callaghan's Wis. Dig., Appeal and Error, p. 333, sec. 293:

"Objections to rulings of a referee as to the admission or rejection of evidence should be renewed in the circuit court, on the motion to confirm the report, or on a motion to set aside or modify it, and be passed upon by that court; otherwise they cannot be reviewed on appeal. *Drummond v. Huyssen,* 46 Wis. 188, 50 N. W. 590 (1879) ; *Jenkins v. Esterly,* 22 Wis. 128 (1867) ; *Gilbank v. Stephenson,* 30 Wis. 155 (1872) ; *Riley v. Mitchell,* 37 Wis. 612 (1875) ; *Thornton v. Eaton,* 45 Wis. 618 (1878) ; *Hinz v. Van Dusen,* 95 Wis. 503, 70 N. W. 657 (1897) ; *Small v. Town of Prentice,* 102 Wis. 256, 78 N. W. 415 (1899) ; *Momsen v. Atkins,* 105 Wis. 557, 81 N. W. 647 (1900).

"In order that the ruling of a referee may be reviewed on appeal, objections taken ·before him must be renewed before the court on the motion to confirm, modify, or set aside the report, and the rulings of the court thereon must be preserved in the bill of exceptions. *Small v. Town of Prentice,* 102 Wis. 256, 78 N. W. 415 (1899) ; *Hinz v. Van Dusen,* 95 Wis. 503, 70 N. W. 657 (1897) ; *Momsen v. Atkins,* 105 Wis. 557, 81 N. W. 647 (1900)."

Defendants' answer to this, made in oral argument, is that sec. 270.39, Stats., permits them to take an appeal without having raised their objections in the trial court. That section reads:

"In any trial before the court, with or without a jury, or before a referee, exceptions are deemed taken to all adverse rulings and orders made in the course of the trial. No express exceptions need be entered in any bill of exceptions. It shall

not be necessary to file exceptions to the judge's charge to the jury or to his refusal to instruct the jury as requested, or to any orders, or to the findings of fact and conclusions of law made by the court, and the same may be reviewed by the appellate court without exceptions; . . ."

A reading of this statute clearly shows that it applies to objections made during the course of a trial, that no exceptions need be noted in case the objections are ruled on adversely by the court. Here there were not only no objections made to the trial court; there was no appearance. This statute does not attempt to do away with the necessity of making objections to rulings of the court; it merely provides that if the rulings are unfavorable after objections have been made, it is not necessary to note an exception in order to preserve the right to review on appeal.

*By the Court.*—Judgment affirmed.