HAYWOOD and another, Appellants, vs. THE LINCOLN LUM-
BER COMPANY and others, Respondents.

*December 2 — December 23, 1885.*

CORPORATIONS. *(1) Receiver. (2) Insolvency: Directors and officers
securing preferences. (3) Officers are trustees. (4) Mortgage to
directors void.*

1. Where the property of a corporation is being mismanaged, and is in
   danger of being lost to the stockholders and creditors through the
   collusion and fraud of its officers and directors, a receiver may be
   appointed.
2. The directors and officers of an insolvent corporation are trustees
   for the creditors and must manage its property and assets with
   strict regard to their interests; and if they are themselves creditors,
   while the insolvent corporation is under their management they
   cannot secure to themselves any preference or advantage over
   other creditors.
3. The directors and officers of a corporation have no right to use their
   official position for their own benefit, to the injury of others in
   equal right.
4. The directors or officers of a corporation cannot mortgage or convey
   the corporate property to themselves.

APPEAL from the Circuit Court for *Lincoln* County.

Action to foreclose a mortgage given by the *Lincoln
Lumber Company* to *Murray Haywood* and *George Hay-
wood, Jr.*, the plaintiffs and appellants, and *T. P. Mathews*
and one George C. Smith. The plaintiffs and *Mathews* and
Smith were, at the time the mortgage was given, directors
of the lumber company, *Mathews* being also the president,
and *George Haywood, Jr.*, being the secretary and treas-
urer, of the company. Before the commencement of the
action Smith sold and transferred his interest in the mort-
gage to *Murray Haywood. Mathews*, refusing to join as
one of the plaintiffs, was made defendant, and afterwards
answered disclaiming any interest in the mortgage. Other
facts will sufficiently appear from the opinion.

| | |
|---|---|
| 64 | 639 |
| 78 | 411 |
| 64 | 639 |
| 87 | 371 |
| 64 | 639 |
| d89 | 286 |
| 64 | 639 |
| 95 | 507 |
| 64 | 639 |
| 106 | 116 |
| 64 | 639 |
| 109 | 361 |
| 64 | 639 |
| 110 | ³ 40 |
| 64 | 639 |
| 116 | ²172 |
| 61 LRA | 926 |

For the appellants there were separate briefs by *Pullings,
Hoyt & Holway*, attorneys, and *David S. Ordway*, of counsel, and the cause was argued orally by *Mr. Ordway*. They contended, *inter alia*, that the mere fact that creditors of a corporation stand in a fiduciary relation thereto does not prevent their taking security to themselves as individuals, to secure an actual *bona fide* loan of money before made to such corporation and used by it in prosecuting its legitimate business. *Duncomb v. N. Y., H. & N. R. Co.* 84 N. Y. 190, 199; *S. C.* 88 id. 7–9; *Smith v. Lansing*, 22 id. 520; *Harts v. Brown*, 77 Ill. 226; *Stratton v. Allen*, 16 N. J. Eq. 229; *Smith v. Skeary*, 47 Conn. 47, 54; *Twinlick Oil Co. v. Marbury*, 91 U. S. 587; *Whitewell v. Warner*, 20 Vt. 444–5; *Gordon v. Preston*, 1 Watts, 388; *Revere v. Boston Copper Co.* 15 Pick. 363; *Hotel Co. v. Wade*, 97 U. S. 23; *Stark v. Coffin*, 105 Mass. 328; *Credit Asso. v. Coleman*, L. R. 6 Ch. 558; *Troup's Case*, 29 Beav. 353; *Hoar's Case*, 30 id. 225; *Buell v. Buckingham & Co.* 16 Iowa, 292–6; *Ashurst's Appeal*, 60 Pa. St. 313, 314; *Hallam v. Indianola Hotel Co.* 56 Iowa, 178; Angell & Ames on Corp. (11th ed.) 219, sec. 233, and note 4. Even if insolvent the corporation could prefer certain creditors. It had the same power in that respect as an individual. *Blunt v. Walker*, 11 Wis. 350; *Rockwell v. Elkhorn Bank*, 13 id. 653; *Stratton v. Allen*, 16 N. J. Eq. 233; *Dana v. Bank of U. S.* 5 Watts & S. 245–8; Angell & Ames on Corp. 171–2, sec. 191; *Whitewell v. Warner*, 20 Vt. 444–5; *Ringo v. Biscoe*, 13 Ark. 575. There was no jurisdiction to appoint a receiver. "The general jurisdiction of equity over corporate bodies does not extend to the power of dissolving the corporation or of winding up its affairs and sequestrating the corporate property and effects, in the absence of express statutory authority." High on Receivers, 182–3, sec. 288; *Waterbury v. M. U. Exp. Co.* 50 Barb. 157; *Strong v. McCagg*, 55 Wis. 624–7. There is no such statutory authority in this state and the

whole proceeding in the Clark suit was therefore void. See *French Bank Case*, 54 Cal. 480; *Bateman v. Superior Court*, id. 285.

For the respondents there was a brief by *Silverthorn, Hurley & Ryan*, and oral argument by *Mr. Hurley* and *Mr. Ryan*. They argued, among other things,, that the directors of an insolvent corporation while it is under their management hold the position of trustees of its assets for the benefit of creditors, and, if themselves creditors, cannot secure to themselves any preference or advantage over other creditors. Morawetz on Priv. Corp. secs. 579–581; id. p. 544, note 1; *Marr v. Bank of Tenn.* 4 Coldw. 471, 484; *Bradley v. Farwell*, 1 Holmes, 433; *Koehler v. Black R. Falls Iron Co.* 2 Black, 715; *Curran v. Arkansas*, 15 How. 306; *Richards v. N. H. Ins. Co.* 43 N. H. 263. Apart from the question of insolvency, the directors of a corporation must exercise the powers conferred upon them solely in the interest of the corporation; they have no authority, under any circumstances, to use their official position for their own private benefit. Morawetz on Priv. Corp. secs. 243–4; *Hoyle v. P. & M. R. Co.* 54 N. Y. 314; *Corbett v. Woodward*, 5 Sawy. 403; *E. & N. A. R. Co. v. Poor*, 59 Me. 277; *G. L. R. R. Co. v. Magnay*, 25 Beav. 586; 1 Perry on Trusts, secs. 194, 197, 207; *Cook v. Berlin Woolen Mill Co.* 43 Wis. 434; *Pickett v. School District*, 25 id. 553; *In re Taylor Orphan Asylum*, 36 id. 552–3; 1 Story's Eq. Jur. sec. 258. The directors could not act both for the corporation and· for themselves. *E. & N. A. R. Co. v. Poor*, 59 Me. 279; 1 Perry on Trusts, sec. 207; Morawetz on Priv. Corp. sec. 245; *Walworth Co. Bank v. Farmers' L. & T. Co.* 16 Wis. 629; *Pickett v. School District*, 25 id. 553; *Cumberland C. & I. Co. v. Sherman*, 30 Barb. 553. It is no exception to this rule although all the mortgagees were not members of the board of directors; or that those who were members were a minority of the board. *People v. Board*, 11 Mich.

222. See, also, *United Brethren Church v. Vandusen*, 37 Wis. 54; *Butts v. Wood*, 37 N. Y. 317; *Supervisors v. Hall*, 47 Wis. 208. The title of the receiver to his office cannot be questioned collaterally. *In re Day*, 34 Wis. 638. The receiver is an officer of the court, and not a trustee. *King v. Cutts*, 24 Wis. 627; High on Receivers, sec. 1 and cases cited. The bank having loaned him money, upon a mortgage, upon the existing evidence of his official authority, the rule is applicable that the acts of an officer *de facto* are valid so far as they affect the rights of third parties, who have paid a valuable consideration therefor. The court had jurisdiction to appoint the receiver under the circumstances. Morawetz on Priv. Corp. secs. 399–402; *Gibbs v. G. & C. R. Co.* 12 Am. & Eng. R. Cas. 425; High on Receivers, sec. 750 *et seq.; Stevens v. Davidson*, 18 Grat. 819; *Ruggles v. S. Minn. R. Co.* 5 Chic. Leg. News, 116; *Dumville v. Ashbrooke*, 3 Russ. 98; *Ver. & C. R. Co. v. V. C. R. Co.* 46 Vt. 792; *Featherstone v. Cook*, L. R. 16 Eq. 298; Jones on Railroad Securities, sec. 483; *Waterbury v. M. U. Exp. Co.* 50 Barb. 158; *Rochester v. Bronson*, 41 How. Pr. 78; *Belmont v. Erie R. Co.* 52 Barb. 637; *Robinson v. A. & G. W. R. Co.* 66 Pa. St. 160; *Kelley v. Trustees of A. & R. R. Co.* 58 Ala. 489; *St. Louis & S. C. & M. Co. v. Edwards*, 103 Ill. 472; *Evans v. Coventry*, 5 DeG., M. & G. 911; 3 Pomeroy's Eq. Jur. 363, note 5.

ORTON, J. This is an action brought by the appellants to foreclose a mortgage given by the defendant lumber company, by its president and secretary, to the said appellants and the defendant *T. P. Mathews* and one George C. Smith, on the 4th day of February, 1884, on all of the real property of said corporation, to secure a bond in the penal sum of $100,000, given at the same time by said company to said mortgagees, conditioned to pay them certain indebtedness of the company past due them, respectively, in the

AUGUST TERM, 1885. 643

Haywood and another vs. The Lincoln Lumber Co. and others.

aggregate of over $50,000. The interest in said mortgage of said George C. Smith was assigned to said plaintiffs. The defendant *Robert E. Parcher* was appointed receiver in April, 1884, in a suit of one J. C. Clark against said company; and said *Parcher*, as such receiver, in June, 1884, borrowed of the defendant the *First National Bank of the City of Wausau* the sum of $10,000, to be used in the management of the business and property of said lumber company; and, by the order and leave of the court, executed, as such receiver, a mortgage upon the real property of said company to said bank to secure the same. The said defendant *Parcher* and the defendant the *Lincoln Lumber Company* answered the complaint, alleging, substantially, that the said mortgage sought to be foreclosed was executed by the president and secretary of said company, without authority; and that, at the time, said corporation was insolvent, to the knowledge of said mortgagees, and owed large indebtedness to others; and that said mortgage was given by said officers, and authorized, if at all, by the directors of said company to be given to themselves, to secure their own claims against the company, as an unlawful and fraudulent preference of themselves as the creditors of the company, in fraud and with intent to defraud the other creditors and the company, and that said bond and mortgage were therefore void. The said defendant the *First National Bank* answered, setting up its mortgage by the receiver, and alleging its priority to the mortgage in suit by the agreement of the mortgagees in said mortgage, and prays a foreclosure thereof.

The circuit court substantially held that said mortgage was given without authority, because the majority of the quorum of the directors voting that said bond and mortgage be given were interested in the same, and that said company was then insolvent; and that the directors held the property in trust for the creditors, and the execution of said

mortgage by the officers and by the authority of the directors to themselves to secure their antecedent claims against the company was an unlawful preference, and was fraudulent and void; and that the said mortgage to the bank has priority, and was lawfully executed by said receiver. The special findings are numerous, and the case voluminous; but the above are believed to be substantially the findings, and upon the substantial issues in the case.

The principles involved in this suit are really very simple, and almost elementary, and not at all complicated; and we cannot but think they have been greatly magnified and more earnestly contested on account of the amount in controversy. The plaintiffs contest the power of the receiver, *Parcher*, to give the mortgage to the bank on the ground of the want of jurisdiction of the court to appoint him or any one receiver in the case of Clark against the company. These plaintiffs were directors of the company, and one of them the secretary, and both mortgagees, when the said *Parcher* was appointed such receiver, and as directors and as mortgagees counseled and advised his appointment, and consented thereto, and the directors over and over again recognized and confirmed it by dealing with him as such, and placing the property of the company in his hands; and, after his appointment, the plaintiffs, together with the defendant *Mathews*, as said mortgagees, by writing under seal, authorized the said receiver to borrow not exceeding $15,000, and give a mortgage on the property of the company in his hands to secure it, for the purpose of carrying on the business in running the mills and sawing up the logs, and released their said mortgage so far as it would have preference of the mortgage so given by the receiver, and so as to give the same priority to their said mortgage. There is abundant evidence of the plaintiffs' estoppel to dispute the authority of said receiver, both *in pais* and by deed. But accepting the allegations of the complaint in that case as

true, the court not only had the power, but it was its duty, to appoint a receiver.   The directors and officers had given the mortgage in suit alleged to be in fraud of the creditors of the company, nearly or quite insolvent at the time, and threatened afterwards to sell out in gross all the property of the company without notice, and to bid the same off in their own namès and for their own benefit, in fraud of many other creditors of the company, and in this way to close up the business of the company.   These are some of the substantial allegations of the complaint of Clark, the plaintiff, who was himself one of the stockholders of the company. Within the general powers of a court of chancery, which are preserved in the fifth subdivision of sec. 2787, R. S., this was a proper case for an injunction and receiver both.   The property of the company was being mismanaged, and was in danger of being lost to the stockholders and creditors through the collusion and fraud of its officers and directors. The only place of safety for the business and property of the company was in the "hand" of the court through a receiver *pendente lite.*   A stronger case for a receiver could scarcely be made, and the numerous authorities cited in the able brief of the learned counsel of the respondents, and the facts stated in the complaint, abundantly authorize and justify his appointment in that case.   We think the circuit court properly held that the court had jurisdiction to appoint *Parcher* a receiver; and, upon the evidence, properly found that the mortgage to the bank was not only valid, but has priority over the mortgage in suit.   Under repeated decisions of this court, the exceptions of the respondent cannot be considered, except to support the judgment rendered, unless the respondent also appeal.   Therefore this court cannot go further than the circuit court in ordering a foreclosure of the bank mortgage in this action.

But the matter of this bank mortgage is of only incidental importance in this case.   The main question is of the valid-

ity of the mortgage in suit. There was abundant evidence to justify the finding of the circuit court that at the time it was given the company was insolvent. In such case, the authorities seem to be uniform that the directors and officers of the corporation are trustees of the creditors, and must manage its property and assets with strict regard to their interests; and, if they are themselves creditors, while the insolvent corporation is under their management they cannot secure to themselves any preference or advantage over other creditors. The directors are then trustees of all the property of the corporation for all of its creditors, and an equal distribution must be made, and no preference to any one of the creditors, and much less to the directors or trustees, as such. I have carefully examined all the authorities cited on both sides touching this principle, and find it recognized in every case. Many of the authorities cited by the learned counsel of the appellants as holding a contrary doctrine state this doctrine as fully established, and cite many of the authorities in its favor cited here by the learned counsel of the respondents, and cases are made an exception only because, in their facts, this principle has no application. It is reiterated in the text of elementary works, and numerous cases are cited to sustain it. Morawetz on Priv. Corp. secs. 579-581. A few only of the cases holding this principle will be cited here, but many others may be found in the brief of counsel and elsewhere too numerous for citation. *Marr v. Bank of Tenn.* 4 Coldw. 471, 484; *Koehler v. Black R. Falls Iron Co.* 2 Black, 715; *Curran v. Arkansas*, 15 How. 306; *Richards v. N. H. Ins. Co.* 43 N. H. 263; *Bradley v. Farwell*, 1 Holmes, 433; *Drury v. Cross*, 7 Wall. 299; *Paine v. L. E. & L. R. Co.* 31 Ind. 353; *Gas Light Co. v. Terrell*, L. R. 10 Eq. Cas. 168. I have been unable to find a single case, which in its facts is like this, in which this doctrine is even questioned and was not strictly applied.

But there is another principle equally unquestionable which renders the mortgage in suit void. The directors and officers made the mortgage, or directly caused it to be made, to themselves. They occupied a fiduciary relation to the corporation, its stockholders, and its creditors, and they had no right to use such relation and their official position for their own benefit, to the injury of others in equal right. This principle was applied to the taking of a mortgage by the directors on the property of the corporation to secure their liability as sureties upon a note of the corporation, in *Corbett v. Woodward*, 5 Sawy. 403, which is a strong case; and very similar is the case of *Koehler v. Black, R. Falls Iron Co. supra*. See, also, Morawetz on Priv. Corp. 243; *Hoyle v. P. & M. R. Co.* 54 N. Y. 314; *E. & N. A. R. Co. v. Poor*, 59 Me. 277; *Butts v. Wood*, 38 Barb. 188; *Y. & N. M. R. Co. v. Hudson*, 19 Eng. L. & Eq. 365; *Scott v. Depeyster*, 1 Edw. Ch. 513; and *Verplanck v. Mercantile Ins. Co.* id. 85; *G. L. R. R. Co. v. Magnay*, 25 Beav. 586; 1 Perry on Trusts, § 194, and cases cited. But it is really unnecessary to cite cases from abroad when the same principles have been established in our own cases, as in *Cook v. Berlin W. M. Co.* 43 Wis. 434, and *Pickett v. School District*, 25 Wis. 553.

Directors, officers, and agents, and other like trustees, cannot mortgage or convey to themselves any more than one can contract with himself. The idea that the same persons constitute different identities of themselves by being called directors or officers of a corporation, so that, as directors or officers, they can convey or mortgage to or contract with themselves as private persons, is in violation of common sense. *In re Taylor Orphan Asylum*, 36 Wis. 552, and cases above cited. See 1 Perry on Trusts, § 207, and Morawetz on Priv. Corp. § 245; *Walworth Co. Bank v. Farmers' L. & T. Co.* 16 Wis. 629; *Cumberland C. & I. Co. v. Sherman*, 30 Barb. 553.

It is unnecessary to decide the question whether there was a quorum of disinterested directors that directed the mortgage to be given. The mortgage is an *entirety*, and it makes no difference how many persons are severally interested in it as mortgagees. If such mortgagees, as directors, authorized it, they authorized an act in which they were all jointly interested. They may not have been joint creditors, but they are joint mortgagees, because the mortgage as a security is an entirety. Whether, in this view, the mortgage was never authorized to be given by the president and secretary of the company, by the company through its directors, it may not be necessary to decide; but it seems to me rather illogical to say that, because there is a quorum of directors who are creditors severally, a majority of them may authorize their claims to be secured by one mortgage, and do not act on their own claims, but each one acts in respect to the claims of the other. If A., B., and C. are several creditors and a quorum of directors, and A. and B. vote to give C. an interest in the mortgage to secure his claim, A. and C. so vote as to the claim of B., and B. and C. as to the claim of A.,— do they not vote for themselves in respect to one mortgage? This would be an ingenious and convenient collusion to vote to themselves all the property of the corporation at almost any time, on the ground that the majority so voting is disinterested and impartial.

But it is very clear to us that the mortgage is void in view of the above principles, and that disposes of the action of foreclosure. Beyond that, the findings of the court are not very important as to the rights of the defendants.

*By the Court.*— The judgment of the circuit court is affirmed.