Streiff vs. The City of Milwaukee.

STREIFF, Appellant, vs. THE CITY OF MILWAUKEE, Respondent.

*December 17, 1894,—January 8, 1895.*

*Municipal corporations: Liability for negligent construction of private sewer.*

A city is not liable for damage resulting from the negligent construction of the connection between a private sewer and the main public sewer, where it was not the duty of the city or its officers to make such connection, but the board of public works voluntarily made it to replace a prior connection which had been broken by the lowering of the main sewer.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action for damages for defective construction of a private sewer. The complaint charges, in substance, that in 1888 the city lowered the main sewer on First avenue in said city in front of plaintiff's lot, about six feet, and broke the connection between the plaintiff's private sewer and the main sewer, and made a new connection with the main sewer after the same had been lowered; that the board of public works of the city made this new connection carelessly and negligently and without plaintiff's knowledge, and in consequence thereof said private sewer became clogged up and sewerage was backed up into plaintiff's cellar, to her great damage. A general demurrer to the complaint was sustained, and the plaintiff appeals.

*M. C. Krause,* for the appellant, cited Dillon, Mun. Corp. (4th ed.), § 967; *Jones v. New Haven,* 34 Conn. 1; *Lloyd v. New York,* 5 N. Y. 369; *Hill v. Boston,* 122 Mass. 344; *Pittsburgh City v. Grier,* 22 Pa. St. 54; *Brower v. New York,* 3 Barb. 254; *Delmonico v. New York,* 1 Sandf. 222; *Ft. Wayne v. Coombs,* 107 Ind. 275; *North Vernon v. Voegler,* 103 id. 314; *Blakely v. Divine,* 36 Minn. 53; *Peters v. Fergus Falls,* 35 id. 549; *Galveston v. Posncinsky,* 62 Tex. 118;

*Mulcairns v. Janesville*, 67 Wis. 24; *Vanderslice v. Philadelphia*, 103 Pa. St. 102; *Wendall v. Troy*, 4 Keyes, 261; Tiedeman, Mun. Corp. §§ 338, 355; *Boston Belting Co. v. Boston*, 149 Mass. 44; *Elliott v. Oil City*, 129 Pa. St. 570; *Denver v. Capelli*, 4 Colo. 25; *Smith v. New York*, 66 N. Y. 295; *Thurston v. St. Joseph*, 51 Mo. 510; *Hines v. Lockport*, 50 N. Y. 236; *Seifert v. Brooklyn*, 101 id. 130; *New York v. Furze*, 3 Hill, 612; *Nims v. Troy*, 59 N. Y. 500.

For the respondent there was a brief by *C. H. Hamilton*, city attorney, and *Howard Van Wyck* and *Charles E. Estabrook*, of counsel, and oral argument by *Mr. Hamilton*. They argued, among other things, that the right to recover in this class of actions is limited to cases of negligent or improper performance of, or failure to perform, some corporate duty. *New York & B. S. M. & L. Co. v. Brooklyn*, 71 N. Y. 580; *Seele v. Deering*, 79 Me. 347; *Anthony v. Adams*, 1 Met. 284–286; *Kreger v. Bismarck*, 60 N. W. Rep. 675; *Deane v. Randolph*, 132 Mass. 475; *Cavanagh v. Boston*, 139 id. 426; *Bulger v. Eden*, 82 Me. 352; 2 Dillon, Mun. Corp. (4th ed.), § 968; *Ehrgott v. New York*, 96 N. Y. 264, 273; *Hill v. Boston*, 122 Mass. 344; *Tindley v. Salem*, 137 id. 171; *Anderson v. East*, 117 Ind. 126; *Waller v. Dubuque*, 69 Iowa, 541; *Ink v. Duluth*, 59 N. W. Rep. 960.

Winslow, J. It was not the duty of the city or its officers to construct the plaintiff's private sewer or connect it with the public sewer. It is true that the city charter provides that the board of public works shall prescribe the manner of construction of private sewers, and superintend the same, and that in case of the lot owner's neglect to construct his private sewer after notice, the board may procure it to be constructed by contract, and charge up the expense against the lot. Laws of 1874, ch. 184, subch. 8, secs. 18–21. But that is not the case here. So far as the complaint goes, it charges simply a voluntary and gratuitous construction of a

part of plaintiff's private sewer by the board of public works, for the benefit of the plaintiff. This was not an act within the line of any corporate duty. It is well settled that for such acts the corporation is not responsible.

*By the Court.*— Order affirmed.

