HINZ, Appellant, vs. VAN DUSEN and others, Respondents.

*February 26 — March 16, 1897.*

*Appeal: Review of referee's rulings: Insolvent corporation, action against.*

1. In order to bring up for review in the supreme court exceptions to the rulings of a referee on the admission of evidence, they must be renewed in the circuit court upon the motion to confirm or set aside the referee's report, and the exceptions to the rulings of that court thereon be preserved in the bill of exceptions.

2. The findings of fact of a referee will not be disturbed on appeal, unless against the clear preponderance of evidence.

3. To sustain an action by a creditor against a corporation, its directors, and some of its stockholders, to impeach a mortgage given by such directors, as being fraudulently given for the purpose of securing to themselves preferences over other creditors, the plaintiff must show that the corporation was insolvent at the time it was given, or that such directors knew that suspension was impending.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

This action was brought by plaintiff as a stockholder and director of the *Fifield Manufacturing Company*, a corporation, against such corporation and against *George W. Van Dusen, O. D. Van Dusen, F. D. Arnold,* and *G. O. Van*

*Dusen,* stockholders and directors of such corporation, for equitable relief from alleged fraudulent conduct on the part of said defendant stockholders and directors, having for its purpose to cheat and defraud the corporation, and particularly plaintiff as a stockholder and creditor thereof. Issue was joined in the action by the separate answers of *O. D. Van Dusen* and *G. W. Van Dusen* and the joint answer of *G. O. Van Dusen* and *F. D. Arnold.* The cause was referred to a referee to hear, try, and determine, and such proceedings were thereafter duly had that such referee filed his findings of fact and conclusions of law, to which plaintiff seasonably filed exceptions. Thereafter a motion was duly made on the part of the plaintiff to set aside or modify the report of the referee, and a motion was made on the part of defendants to confirm such report, and for judgment in accordance therewith. The former motion was denied, and the latter granted. An order was accordingly entered, to which plaintiff filed written exceptions on the 21st day of June, 1896.

The findings of the referee are in substance as follows: (1) Since the 26th day of December, 1889, *O. D. Van Dusen,* *F. D. Arnold, G. O. Van Dusen,* and plaintiff have been stockholders and directors, and have managed the affairs, of the defendant corporation. (2) Plaintiff was treasurer from the 26th day of December, 1889, to the 7th day of May, 1891, but was not permitted to receive and disburse the moneys of the corporation; but the same were used by the other officers of the corporation for its proper use and benefit. (3) The charge, contained in the complaint, that money was fraudulently credited to defendants *O. D.* and *G. O. Van Dusen* and *F. D. Arnold* is not proven. (4) *G. O. Van Dusen* used the planing mill belonging to the corporation for his personal benefit during the winter of 1892 and 1893, but it was by an agreement with the corporation, and for a sufficient consideration. (5) On the 20th day of February, 1893,

the corporation owned unincumbered real estate and personal property to the value of $100,000. (6) On said day, at a meeting of the directors of the company, including plaintiff, a partial statement of the indebtedness of the corporation, amounting to $63,048.41, was exhibited; and it was then determined, plaintiff only voting "No," that the corporation should mortgage its real estate to *George W. Van Dusen* for such amount as he was willing to pay of the corporation indebtedness. The company then owed, among others, *G. W. Van Dusen* $13,289.86, and *O. D. Van Dusen* $18,020.20. A six-months note of the corporation for $63,048.41, secured by mortgage on its real estate, was then made and delivered to *G. W. Van Dusen*, whereupon he credited the company with its debt to him, and *O. D. Van Dusen* with the debt of the corporation to him, charging both such debts against such note and mortgage. He then paid other indebtedness of the company to the amount of $30,698.97. (7) All the above-mentioned transactions were pursuant to a resolution of the board of directors of the company authorizing the same, and all the indebtedness thereby funded into the said note and mortgage was just. (8) In September, 1893, an action to foreclose such mortgage was begun, in which plaintiff appeared. Judgment therein by default was rendered October 16, 1893. (9) A chattel mortgage mentioned in the complaint was executed in good faith to the holder of the other mortgage. It covered property necessarily belonging to the mill on the lands covered by the first mortgage, and was in fact included in such mortgage. (10) An unintentional mistake of $1,039.38 was made in favor of *G. W. Van Dusen* in computing the amount of money advanced by him to the corporation on the note and mortgage, which error was corrected by an indorsement on the foreclosure judgment. The amount due at the time of the rendition of such judgment was $64,733.82. (11) On December 31, 1893, *G. W. Van Dusen* sued plaintiff

to recover of him as indorser on an $8,000 note of the cor-
poration given September 16, 1891, payable to the order of
F. G. Bigelow in sixty days after date. Such note was not
included in the corporation indebtedness *G. W. Van Dusen*
agreed to pay on account of the loan of February 20, 1893.
(12) The capital stock of the corporation is $100,000, of
which *O. D. Van Dusen* owns $50,000, and has paid thereon
$25,000; plaintiff owns $25,000, upon which he has paid
$5,000; *G. O. Van Dusen* owns $12,500, upon which he has
paid $2,000; *F. D. Arnold* owns $12,500, upon which he has
paid $2,000.

The conclusion of law was that the defendants were en-
titled to a judgment dismissing the complaint, with costs.
Judgment was accordingly entered February 6, 1896, from
which this appeal was taken.

For the appellant there was a brief by *Hooper & Hooper*,
and oral argument by *B. Hooper*.

*D. Lloyd Jones*, for the respondents.

MARSHALL, J. Error is assigned in that the referee ex-
cluded evidence offered by the appellant material to the
issues. We fail to find that the exceptions to the rulings
excluding such evidence, made before the referee, were re-
newed on the motion to confirm the report, or otherwise;
hence the questions raised by such alleged errors are not
before us for review. The objections taken before the ref-
eree should have been renewed on the motion to confirm or
set aside the report, and the exceptions to the rulings on
such objections, so renewed, preserved in the bill of excep-
tions. The rule that in no other way can a review of such
rulings be obtained has been long established. *McDonnell v.
Schricker*, 44 Wis. 327; *Gilbank v. Stephenson*, 30 Wis. 155.

Error is assigned on the refusal of the referee to make
findings as requested, but we fail to find that any exceptions
were taken to such refusal, though appellant is not prejudiced

by such failure, as substantially all the questions that would thereby be raised are presented by exceptions to the findings of fact that were made. A large number of such exceptions were filed, all of which have received attention, but, under the well-established rule that findings of fact cannot be disturbed unless against the .clear preponderance of the evidence, no reason appears to justify interference with the conclusions of the trial court in that regard. There appears to be considerable evidence upon which each of such findings could be reasonably made; therefore they must stand. *Nicholson v. Coleman,* 90 Wis. 639; *Bacon v. Bacon,* 33 Wis. 147; *Tallman v. Fitch,* 49 Wis. 197; *McDonald v. Kelly's Estate,* 70 Wis. 108.

The exceptions to the conclusions of law raise but one question which requires consideration in this opinion, and that is whether, under the circumstances existing on the 20th day of February, 1893, when the proceedings were had whereby *O. D. Van Dusen* and *F. D. Arnold* were paid the indebtedness which the corporation owed them, such proceedings were void as to the appellant, who was then liable on the $8,000 note. The appellant's counsel insists that the conclusion of the trial court should have been in the affirmative, under the rule that the directors of an insolvent corporation cannot prefer themselves over other creditors. The rule itself is questioned by respondents' counsel; but, while there are authorities of the highest respectability against as well as in favor of it, that subject is not open to discussion in this court. Such subject has received consideration in several instances, and with the result that the doctrine is well established here that the directors of an insolvent corporation cannot lawfully prefer themselves over its general creditors. *Haywood v. Lincoln L. Co.* 64 Wis. 639; *First Nat. Bank v. Knowles,* 67 Wis. 373; *Ford v. Plankinton Bank,* 87 Wis. 363. While the mere fact of insolvency does

not have the effect to convert the assets of the corporation in the hands of its directors into a trust fund for creditors, so as to prevent a diligent creditor from proceeding in an adversary way to collect his debt by the ordinary processes of law, and thereby gain a preference over other creditors. (*Ballin v. Merchants' Exch. Bank,* 89 Wis. 278; *Ford v. Hill,* 92 Wis. 188), the directors of the corporation, under such circumstances, cannot, by contracts with themselves, or with others for their benefit, obtain a preference by payment of the claims due them, or due to others, for the payment of which they are responsible as indorsers or guarantors. So far the contention of appellant's counsel must be sustained, but whether the principle involved can be invoked for the benefit of appellant under the facts of this case is quite another question. The fact of insolvency was not found by the referee. Though counsel for the appellant present the appeal upon the theory that such fact appears, it was neither found, nor was the court requested to so find, nor is there any exception to the failure of the court to find on that question. Obviously, the rule for which the counsel contend has no application unless all the facts exist requisite to such application. Insolvency of the corporation is absolutely essential. Without that the directors are trustees for the stockholders primarily, and may in good faith pay a *bona fide* indebtedness to themselves, or may secure such indebtedness by a mortgage upon the corporate property or otherwise. It is when a corporation ceases to be a going institution, or its business is in such shape that its directors know, or ought to know, that suspension is impending, that its assets in the hands of such directors become, by equitable conversion, a trust fund for the benefit of its general creditors, so that, if such directors prefer themselves over such general creditors, such action constitutes a fraud in law, and equity will compel them to make restitution of all property

thereby diverted to their personal benefit to the prejudice of such creditors. *Beach v. Miller*, 130 Ill. 162; *Hopkins' Appeal*, 90 Pa. St. 69.

It follows from the foregoing that the facts found are not sufficient to enable appellant in equity to impeach the mortgage given to *G. W. Van Dusen* to secure the loan whereby *O. D. Van Dusen* and *F. D. Arnold* were paid. Moreover, the facts found sufficiently show that the corporation was solvent on the 20th day of February, 1893, and that there is no equity in appellant's bill. The total indebtedness on that day, so far as appears from the evidence and the findings, in addition to the indebtedness paid out of the loan covered by the mortgage to *G. W. Van Dusen*, was the $8,000 note, and interest thereon, for which appellant is responsible, and about $4,000 due to the Price County Bank. There were assets, not affected by the mortgage, of $66,000 unpaid on capital stock, $16,000 of which presumably was due, as it required payment of that amount by appellant, *G. O. Van Dusen*, and *F. D. Arnold*, to make the amount paid upon their stock equal the amount paid upon the stock held by *O. D. Van Dusen*. Such payment would furnish an ample sum out of which to discharge the $8,000 note and the $4,000 due to the Price County Bank. This situation of affairs leads to the conclusion that in a winding up of the affairs of the corporation appellant would be liable on his stock in excess of the liability of *O. D. Van Dusen* in a sum equal to or in excess of the indebtedness on the $8,000 note, which indebtedness is his sole reliance to give him standing in a court of equity. It follows, therefore, that it does not appear from the findings of fact or the evidence that the corporation was insolvent at the time the debt to *O. D. Van Dusen* was paid, and that appellant has no ground for complaint in a court of equity; hence the judgment of the circuit court, dismissing the complaint, must be affirmed.

*By the Court.*— Judgment affirmed.