KOELBEL, Appellant, vs. TECKTONIUS, Defendant: E. C. TECKTONIUS MANUFACTURING COMPANY, Respondent.

*May 18—June 21, 1938.*

318

For the appellant there was a brief by *Wilbershide, Baum-blatt & Storms* of Racine, and oral argument by *L. P. Baum-blatt.*

*Vilas H. Whaley* of Racine, for the respondent.

WICKHEM, J. The E. C. Tecktonius Manufacturing Company was founded by plaintiff's father, and at his death he willed the stock in this company in the following proportions: To Fred Tecktonius, son, fifty per cent; to Emil Tecktonius, son, twenty-five per cent; to plaintiff, daughter, twenty-five per cent. During his lifetime, Fred Tecktonius acquired the stock of Emil, and at his death was the owner of seventy-five per cent of the stock. Fred Tecktonius died June 6, 1935, and by the terms of his will Dennis E. Fitzgerald was made executor and trustee of the stock for the benefit of Julia Tecktonius, his widow. On July 17, 1929, while he was president of the defendant company, decedent took out a policy of insurance upon his life in the sum of $20,000, payable to his heirs, administrators, and assigns. Later, defendant was substituted as beneficiary. Defendant paid all the premiums upon the policy. On January 10, 1931, defendant's board of

directors adopted a resolution directing that the company's interest as beneficiary be assigned to certain creditors of the company. One of the assignees was Fred Tecktonius, whose claim as a creditor was based upon his transfer to a creditor of the company of first-mortgage notes owned by him and having a value of $10,000. In accordance with the resolution, defendant assigned one half of the beneficial interest of the policy to Julia Tecktonius, wife of Fred, and the balance was assigned to other creditors. After the death of Tecktonius there was a dispute whether the partial assignment of a portion of the policy to Julia Tecktonius was valid as to defendant's creditors, and the attorney for defendant, as well as plaintiff, both notified the insurance company to withhold payment of this amount. By this time plaintiff had had an audit made of the company's books, and claimed that upward of $7,000 had been misappropriated to his own use by Fred Tecktonius. Thus, at this state of the proceedings, to quote from plaintiff's own brief,

"There was a legitimate dispute as to both the legality of the assignment of the beneficial interest in the policy of insurance and as to the validity of the claim filed against the deceased's estate;

"A. The defendant company's attorney claimed the assignment was invalid and that the $10,000 belonged to the defendant corporation.

"B. The auditor and secretary of the defendant company found that the deceased had illegally used $7,050.16 of the defendant corporation's funds."

Plaintiff claims that to settle the dispute plaintiff, Julia Tecktonius, Fitzgerald, and defendant agreed that $7,500 of the insurance assignment instead of $10,000 should go to the widow and $2,500 should go to plaintiff, and that this ratio was based upon the proportion of stock held by the widow and plaintiff; that although the foregoing was the actual agreement, the minutes of the corporation showed that in

settling the conflicting claims of the parties, the widow was to receive $7,500 in cash, and that $2,500 was to go to the corporation. In accordance with the agreement, whatever its details, the widow did receive $7,500 of the insurance moneys and the defendant received $2,500 and without objection on the part of plaintiff withdrew its claim against the estate of decedent. The company then passed a resolution to the effect that the $2,500 was to be paid to plaintiff, but thereafter rescinded the resolution after being advised that this constituted an illegal disposition of corporate funds.

Plaintiff predicates her right of action upon an agreement alleged to have been made between herself, defendant, the trustee, and the widow, by the terms of which she was to receive $2,500 of the insurance money. Assuming the contract to have been as plaintiff alleges it to be, it is wholly unenforceable by her. Plaintiff concedes that there was a genuine controversy between defendant and the widow of Fred Tecktonius; that this controversy related, (1) to the right of the widow to receive and keep the $10,000 which represented a one-half interest in the policy heretofore referred to, and (2) to the validity of defendant's claim to recover from the estate of Fred Tecktonius sums alleged to have been misappropriated by him. In these concededly genuine controversies between the corporation, the widow, and the estate, plaintiff had no legal interest. It is true that as a stockholder she was interested in a settlement advantageous to the corporation, but she was not a party to the controversy and the only way that she could inject herself into the situation was by using her official power as a director to hold up any settlement that might be arrived at. She agreed to raise no official objection to the settlement provided she was paid the sum of $2,500. This would leave the corporation with nothing out of the controversy and, as the price of her abstinence from official objection, give to plaintiff all of the concessions that the cor-

poration would otherwise receive. As a director of the corporation she occupied a fiduciary relationship to it. *Boyd v. Mutual Fire Asso. of Eau Claire,* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171; *Timme v. Kopmeier,* 162 Wis. 571, 156 N. W. 961. An agreement whereby her powers as director were to be exercised or restrained in consideration of a payment to her was a gross violation of this duty. *United Brethren Church of New London v. Vandusen,* 37 Wis. 54; *Miley v. Heaney,* 168 Wis. 58, 169 N. W. 64; *M. C. Gehl Co. v. Brahm,* 177 Wis. 222, 187 N. W. 1011.

The law will not enforce a contract the consideration of which was in substance the sale of plaintiff's vote as director in the corporation. In saying this we do not mean to imply that plaintiff's conduct was deliberately or intentionally corrupt. It is apparent that she regarded the corporation as the property of herself and the widow, and wholly disregarded its legal entity and her duties to it as director. In so doing she wholly misunderstood her rights and obligations. In this view of the case it is unnecessary to consider other objections to plaintiff's right to recover upon this contract. Since plaintiff as director of the company agreed for a consideration payable to herself out of the assets of the corporation to use her official powers to waive claims in favor of the corporation, we think it too plain to warrant extended exposition that she may not recover upon the contract. It follows that the trial court properly directed a verdict.

*By the Court.*—Judgment affirmed.