In the Matter of IMI, INC., Debtor.

John F. WALDSCHMIDT, Trustee, Plaintiff,

v.

George P. GILLY, and Melva Lorenz, Defendant.

Bankruptcy No. 81–00171.
Adv. No. 81–0442.

United States Bankruptcy Court, E. D. Wisconsin.

Feb. 22, 1982.

John F. Waldschmidt, DeStefanis & Waldschmidt, Milwaukee, Wis., for trustee.

Keith R. Varner, Milwaukee, Wis., for defendants.

## MEMORANDUM DECISION AND ORDER

CHARLES N. CLEVERT, Bankruptcy Judge.

The bankruptcy trustee of IMI, Inc. has asked the court to grant him summary judgment on his complaint against George Gilly and Melva Lorenz, the former officers and directors of the debtor corporation. In support of his motion, the trustee has submitted his affidavit, a transcript of the defendants' testimony during the debtor's Section 341 meeting, and several exhibits. The defendants have chosen not to respond to the motion.

The trustee seeks to recover corporate funds as follows: $6,000.00 paid to Lorenz on November 12, 1980; $5,250.00 paid to Lorenz on November 15, 1980; and $2,782.40 paid to Gilly between January 24, 1980, and August 28, 1980. It is the trustee's contention that those payments were preferences or amounted to conversion of the debtor's property. Furthermore, he contends that Gilly and Lorenz are personally liable to the bankruptcy estate for breaching their fiduciary duties as corporate officers and directors.

■ Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings in bankruptcy cases through its adoption by Rule 756 of the Federal Rules of Bankruptcy Procedure. According to subsection (c) of this rule:

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law....

Subsection (e) states:

... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

Therefore, regardless of whether or not an adverse party responds to a motion for summary judgment, the movant has the burden of clearly showing that there are no issues

of material fact and that the substantive law entitles him to judgment. 6 *Moore's Federal Practice* ¶ 56.15[3] at 56–463 (2d ed. 1976). Moreover, the court ruling on the motion will draw all inferences of fact against the moving party and in favor of the adverse party. Id. at 56–468 and 56–469.

The evidence is as follows: Melva Lorenz and George Gilly were officers and directors of IMI, Inc. (the debtor). The debtor ceased doing business on November 15, 1980, and filed its Chapter 7 bankruptcy petition on January 21, 1981. From time to time Lorenz and Gilly loaned money to the debtor; Lorenz is known to have loaned $5,000.00 to the debtor on September 7, 1976, and $6,000.00 on January 2, 1979. And she apparently loaned money to the debtor on other occasions as well.

According to the debtor's records, $2,600.00 of Lorenz's $5,000.00 September 7, 1976, loan was repaid on September 2, 1977, leaving a balance of $2,400.00, with interest accruing at the rate of $173.88 per year. The debtor's statement of affairs disclosed, among other things, seven interest payments to Lorenz between December 12, 1979, and November 4, 1980, for a total of $699.96; a $500.00 loan payment to Lorenz on December 6, 1979, in connection with a Cedarburg warehouse loan application; the November 12, 1980, loan payment in the sum of $6,000.00; plus a loan payment to Lorenz on November 15, 1980, in the sum of $5,250.00. In addition, the statement of affairs disclosed loan payments to Gilly in the sum $2,782.40 on seven occasions between January 24, 1980, and August 28, 1980.

When Lorenz was asked about the two November, 1980, payments she testified that she was paid by check and said: "It was my money that I had borrowed to the corporation with the understanding I thought I could draw it out whenever or if it looked like the company was not going to survive". Lorenz further testified that she used the money ($11,250.00) to gamble and to pay for a trip she and Gilly took to Las Vegas, Nevada.

11 U.S.C. § 547, provides in pertinent part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ Accepting Lorenz's testimony as true, it must, therefore, be concluded that the $11,250.00 she received in November of 1980 were transfers made by IMI while insolvent and in payment of antecedent loans. Thus, the payments were preferences as defined by § 547(b). Furthermore, it must be found that Lorenz breached her duty to IMI's creditors by receiving the funds with knowledge that the corporation was insolvent.

■ Under the common law of Wisconsin, corporate officers and directors are charged with certain fiduciary duties. The Wisconsin Supreme Court stated one of those duties as follows:

It is when the corporation ceases to be a going institution, or its business is in such

shape that its directors know, or ought to know, that suspension is impending, that its assets in the hands of such directors become, by equitable conversion, a trust fund for the benefit of its general creditors, so that, if such directors prefer themselves over such general creditors, such action constitutes a fraud in law, and equity will compel them to make restitution of all property thereby diverted to their personal benefit to the prejudice of such creditors. *Hinz v. Van Dusen*, 95 Wis. 503, 508–509, 70 N.W. 657 (1897).

This principle remains valid and has been confirmed by our district and circuit courts. See *Burroughs v. Fields*, 546 F.2d 215, 217 (7th Cir. 1976); *Malloy v. Korf*, 352 F.Supp. 569, 571–572 (E.D.Wis.1972).

Analysis of the facts presented in support of this motion leads to the conclusion that the trustee has failed to show that he is entitled to summary judgment against Gilly. The presumption of insolvency upon which the trustee relied in proving his case against Lorenz cannot be used against Gilly because he received his last payment from IMI on August 28, 1980—more than ninety days prior to bankruptcy. Therefore, the trustee must prove (1) that IMI was insolvent within the year prior to bankruptcy and (2) that Gilly had reasonable cause to believe that IMI was insolvent in order to establish a preference under § 547 or a breach of Gilly's fiduciary duties under Wisconsin common law. However, the trustee has not met this burden. Furthermore, the evidence fails to show that Gilly breached his duty to IMI's creditors by knowingly receiving and using any of the money Lorenz spent on her trip to Las Vegas. To find otherwise would require this court to engage in impermissible speculation.

In view of the foregoing, summary judgment is hereby entered for the trustee against Melva Lorenz. Summary judgment against George Gilly is denied.