In the Matter of IMI, INC., Debtor.

John F. WALDSCHMIDT, Trustee, Plaintiff,

v.

George P. GILLY, Defendant.

Bankruptcy No. 81–00171.
Adv. No. 81–0442.

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 5, 1982.

John F. Waldschmidt, DeStefanis & Waldschmidt, Milwaukee, Wis., for trustee.

Keith R. Varner, Milwaukee, Wis., for defendant.

## MEMORANDUM DECISION

C.N. CLEVERT, Bankruptcy Judge.

In the case at bar, the court was required to determine the applicability of the common law rule enunciated in *Hinz v. VanDusen*, 95 Wis. 503, 70 N.W. 657 (1897). The essential facts showed that just prior to bankruptcy, IMI, Inc., the debtor, repaid an $11,250 loan to Melva Lorenz, one of its officers and directors, and that the payments constituted a voidable preference under 11 U.S.C. § 547(b) as well as conversion of a trust fund created in equity imposed for the benefit of IMI's general unsecured creditors. (See, *Waldschmidt, Trustee v. George P. Gilly and Melva Lorenz*, 17 B.R. 784 (Bkrtcy.E.D.Wis.1982) After the payments were made, Gilly, who was also one of the debtor's officers and directors, and Lorenz pooled their money—Gilly contributed $300 and Lorenz contributed the $11,250 paid by the debtor—and flew to Las Vegas, where they spent and gambled away all but $150.

The trustee urged the court to apply the *Hinz* rule and require Gilly to repay the debtor's estate an unspecified portion of the $11,250.

Under the *Hinz* rule,

... when the corporation ceases to be a going institution, and its business is in such shape that its directors know, or ought to know, that suspension is impending, that its assets in the hands of such directors become, by equitable conversion, a trust fund for the benefit of its general creditors, so that, if such directors prefer themselves over such general creditors, such action constitutes a fraud in law, and equity will compel them to make restitution of all property thereby diverted for their personal benefit to the prejudice of such creditors. Id. 95 Wis. at 508–509, 70 N.W. at p. 659.

The foregoing language would have required this court to make the following findings before the trustee could successfully invoke the *Hinz* rule:

1) that IMI repaid a debt to Gilly;

2) that the payment preferred Gilly over IMI's general unsecured creditors;

3) that IMI was about to suspend operations at the time of the payment; and

4) that Gilly knew or should have known that IMI's operations were about to be suspended.

However, the evidence would not support those findings. There was no evidence to show that IMI repaid a debt to Gilly. Furthermore, there was no evidence to suggest that the funds "repaid" to Lorenz were part of a sham transaction designed to benefit Gilly; nor was there evidence that Lorenz did not convert the funds she from the debtor received prior to the Las Vegas trip. Consequently, the court has concluded that the trustee has urged an unwarranted and indefensible extension of a narrow common law rule. Therefore,

IT IS ORDERED, ADJUDGED AND DECREED that judgment be and the same hereby is entered for the defendant. The complaint is dismissed without further cost to either party.